UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATTY MCCLARY,<br><br>                Plaintiff,<br><br>      v.<br><br>TIM POWERS, an individual, NORTH CANYON MEDICAL CENTER, INC., an Idaho nonprofit corporation, GOODING COUNTY HOSPITAL DISTRICT, a political division of GOODING COUNTY, a political division of the State of Idaho,<br><br>                Defendants. | Case No. 1:17-CV-441-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by defendants and a motion to amend filed by plaintiff McClary. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the motion to amend, and deny the motion to dismiss in large part, granting only the unopposed request to dismiss the conspiracy count (Count VI).

## LITIGATION BACKGROUND

Plaintiff Patty McClary filed this lawsuit against her former employer, North Canyon Medical Center (NCMC) and its chief executive officer, Tim Powers, alleging that she was retaliated against for raising concerns about patient health and safety.

NCMC was a Medicare & Medicaid Services (CMS) certified hospital, and was audited regularly to determine whether its certification should be renewed based in part on the hospital's record of patient care and safety.

In 2015, the certifying agency determined that NCMC was not in compliance with a requirement that it have a Director of Nursing position to oversee patient care and safety. To keep the hospital's certification and to continue to receiving funding, Powers created the Director of Nursing position and hired McClary to fill that position. But McClary alleges that Powers directed her not to file reports on infection control and other matters that would show that patient care and safety was not being improved. She alleges that when she complained, she was passed over for promotion, demoted, and eventually forced to resign.

In this lawsuit, McClary alleges several claims related to her wrongful termination, and also alleges two counts on behalf of the United States alleging the defendants violated the False Claims Act. The case remained sealed while the Government investigated the matter, and was later unsealed when the Government decided not to intervene.

The defendants filed a motion to dismiss the two claims under the False Claims Act, alleging that the complaint fails to describe the defendants' misconduct with particularity. McClary agreed, and instead of responding to the motion to dismiss directly, filed a motion to amend her complaint to cure the defects identified by defendants. The defendants object to the proposed amendments, arguing that they are futile because they fail to identify a false statement, fail to explain why any false

statements were material, and fail to state a claim for conspiracy. McClary agrees the conspiracy claim (Count VI) should be dismissed but opposes a dismissal of the other False Claim Act count (Count V). The issue before the Court is whether the proposed amendments to Count V are futile because of the shortcomings listed by defendants above.

## ANALYSIS

Courts are directed by Rule 15 to "freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1049 (9th Cir. 2003). However, leave to amend is not granted when the amendments are futile – that is, subject to dismissal. *Id.*

In her proposed amendments, McClary has alleged a false certification theory of liability under the False Claims Act. Under this theory, a false claim can occur when a party represents compliance with a statute or regulation as a condition to payment, without actually complying with that statute or regulation. *U.S. ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166, 1171 (9th Cir. 2006). To prevail on this claim, McClary must prove four elements: (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due. *Id*. at 1174.

Defendants allege that McClary's proposed amendments fail to establish the first, third, and fourth elements – a false statement that is material and causes the government to pay out money. But in the proposed amendments, McClary alleges that Powers "purposefully caused NCMC to submit false statements and/or reports or records

**Memorandum Decision & Order – page 3**

regarding operating room infection control to the Government for the purpose of meeting

CMS required standards and complying with the proposed corrective action—all of

which was done to not lose federal funding and to receive Government payments."

*Proposed Amended Complaint (Dkt. No. 20-1)*at ¶ 74.  This is an allegation of a false

statement by defendant Powers, acting as CEO of defendant NCMC, to obtain funding

from the government, and hence material.

McClary also alleges that Powers directed her not to report certain types of

wrongful conduct that she was otherwise required to report and that could "trigger a

federal or state payment adjustment . . . ."  *Id.* at ¶ 106.  Meanwhile, Powers was

representing to the Government that McClary was hired to a position – Director of

Nursing – that was created in response to a demand by the certifying agency for the

purpose of improving patient care and safety to meet the funding standards for a CMS

certified hospital.  *Id.* at ¶¶ 40-43.  But what Powers was not telling the certifying agency

was that he was directing McClary to hide damaging reports.  This is an allegation of an

omission that renders misleading Powers' representations that NCMC was meeting all the

standards for funding.  The Supreme Court has held that when "a defendant makes

representations in submitting a claim but omits its violations of statutory, regulatory, or

contractual requirements, those omissions can be a basis for liability if they render the

defendant's representations misleading with respect to the goods or services provided."

*Universal Health Services, Inc. v. U.S.,* 136 S.Ct. 1989, 1999 (2016).

Defendants argue that this case is governed by *U.S. ex rel. Hopper v. Anton,* 91

F.3d 1261 (9th Cir. 1996).  In that case, the plaintiff alleged that a school district accepted

federal funds to assist the disabled despite failing to comply with some of the requirements of the very federal law providing the funding. *Id.* at 1267. The Circuit affirmed dismissal of that claim because the plaintiff could not prove any false statements – the school district was not required to certify its compliance with that law and hence had never made any false statement of compliance to obtain funding. *Id.*

*Hopper* is distinguishable. Here, certification was required and, as discussed above, defendants allegedly made false statements – or omitted crucial information with the intent to mislead – in order to obtain CMS status. More specifically, the certifying agency required Powers to create the Director of Nursing position to improve patient care and safety as a condition of obtaining CMS certification. Powers did so, his explicit and implicit representation being that he would use that newly-created position to improve patient safety and care, a representation that was allegedly false because he instead used the position to hide information crucial to patient care and safety.

The Court finds that the proposed amendments are not futile. Given the liberal amendment policy of Rule 15, the Court will grant the motion to amend. With the amendments, there is now sufficient particularity to withstand the motion to dismiss, and it will be denied, except as to the conspiracy claim (Count VI) that McClary agrees should be dismissed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 14) is GRANTED IN PART AND DENIED IN PART. It is granted to the

extent it seeks to dismiss the conspiracy claim (Count VI).  It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion to amend (docket no. 17) is GRANTED.

DATED: February 1, 2019

B. Lynn Winmill
U.S. District Court Judge